**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

REGINALD ERVIN,

        Plaintiff,

                                    CASE NO. 2:15-cv-13352

v.

                                    HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**
**GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND**
**REMANDING TO THE COMMISSIONER FOR FURTHER CONSIDERATION**

**I.      INTRODUCTION**

Before the Court are Defendant Commissioner of Social Security's objections to

the Magistrate Judge's Report & Recommendation ("R&R").  (Doc. 19).  Magistrate

Judge Mona K. Majzoub considered the parties' cross motions for summary judgment

and, on January 9, 2017, entered an R&R.  (Doc. 18).  In the R&R, Magistrate Judge

Majzoub recommended that the Court grant in part Plaintiff Reginald Ervin's motion for

summary judgment, deny the Commissioner's motion for summary judgment, and

remand to the Commissioner for further consideration.  For the reasons that follow, the

Court **OVERRULES** the Commssioner's objections, **ADOPTS** the R&R, **GRANTS IN**

**PART** Plaintiff's Motion for Summary Judgment (Doc. 14), and **DENIES** the

Commissioner's Motion for Summary Judgment (Doc. 17).

**II.      STATEMENT OF FACTS**

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R. (See Doc. 18, pp. 2-4).

## III.    STANDARD OF REVIEW

### A.  Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the

magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B.  Standard of Review Applicable to Social Security Cases

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards.  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted).  If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole.  Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record.  Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006).  Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

**IV. DISCUSSION**

In the R&R, Magistrate Judge Majzoub determined that remand was appropriate solely because the ALJ found, in evaluating Plaintiff's Step Three "B-Criteria," that Plaintiff suffers from moderate limitations in concentration, persistence, and pace ("CPP") and yet failed to include such a limitation in the residual functional capacity ("RFC") or the hypothetical posed to the vocational expert ("VE").  Rather, the RFC and hypothetical restricted Plaintiff to simple, routine, repetitive work.  However, citing Edwards v. Barnhart, the R&R explains that a restriction to simple, routine work was insufficiently reasoned and does not necessarily accommodate for a deficiency in CPP.  See 383 F. Supp. 2d 920, 930 (E.D. Mich. 2005) (where a plaintiff had moderate limitations in CPP, an RFC restriction to simple, routine, unskilled work was "not sufficient, and [did] not fully convey Plaintiff's limitations in concentration to the [VE]" because "Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled[,] routine job.").  Because the finding of moderate limitations in CPP was determined by the ALJ and not any medical opinion, the R&R finds it was incumbent on the ALJ to include this deficiency in the RFC and hypothetical.

The Commissioner disputes the Magistrate Judge's reasoning and conclusions, arguing that the ALJ's rationale, though not explicit, can be traced to link moderate limitations in CPP to an RFC limitation to simple, routine, repetitive tasks.  The basis for this limitation was grounded in Plaintiff's subjective complaints, and an RFC is an administrative finding reserved to the Commissioner based on the relevant evidence as a whole.  See 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2), 404.1545, 416.945.  The Commissioner cites to case law from this District contrary to Edwards, which holds that

4

an ALJ is not required expressly to reference deficiencies in CPP in the RFC or hypothetical.  See, e.g., Marini v. Comm'r of Soc. Sec., No. 13-10067, 2014 U.S. Dist. LEXIS 38925, at *15-18 (E.D. Mich. Mar. 25, 2014); McNamara v. Comm'r of Soc. Sec., No. 11-10331, 2011 U.S. Dist. LEXIS 151449, at *37 (E.D. Mich. Dec. 1, 2011); Lewicki v. Comm'r of Soc. Sec., No. 09-11844, 2010 U.S. Dist. LEXIS 103452, at *7-9 (E.D. Mich. Sept. 30, 2010) ("Decisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work . . . . There may be cases where such moderate limitations preclude the performance of even some simple, unskilled tasks. Plaintiff does not, however, explain why the facts of this particular case require a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace.").

This case presents a frequently litigated issue in this District.  As indicated in the R&R, the analysis depends on whether the plaintiff's moderate limitations in CPP were determined by a medical source or independently by the ALJ.  See Hicks v. Comm'r of Soc. Sec., No. 10-cv-13643, 2011 U.S. Dist. LEXIS 136810, at *20 (E.D. Mich. Aug. 30, 2011), *adopted by* 2011 U.S. Dist. LEXIS 136052 (E.D. Mich., Nov. 28, 2011).  Here, no medical source opined that Plaintiff suffers from moderate limitations in CPP.  In fact, during his only formal psychiatric evaluation, the examining physician made no clinical findings of any cognitive or emotional impairment.  (Tr. 600-18).  In assessing Plaintiff's "B-Criteria," the ALJ recognized the lack of evidence "of any significant cognitive deficits that would result in limitation in [CPP]," but nonetheless found that the Plaintiff suffered

from moderate impairment in CPP to accommodate his subjective complaints of pain.

(Tr. 14).

Case law within this District has held that where an ALJ – and not any medical source – determines that a claimant has moderate impairments in CPP, the ALJ must include such limitation in the RFC assessment or hypothetical posed to the VE.  Hicks, 2011 U.S. Dist. LEXIS 136810, at *20 (relying on Benton v. Comm'r of Soc. Sec., 511 F. Supp. 2d 842, 848-49 (E.D. Mich. 2007).  Hicks specifically stated:

> Similarly here, no physician opined that Plaintiff has moderate difficulties in CPP — in fact one physician found that Plaintiff only had "mild" limitations in CPP — but the ALJ nonetheless determined, based on Dr. Tava's evaluation, that Plaintiff has moderate difficulties in CPP.  Yet, problematically, in both *Benton* and in this case the ALJ did not adequately include his own CPP limitation in his RFC assessment or hypothetical to the VE.  Instead the ALJ in this case limited Plaintiff to "simple routine tasks in a low stress environment" which is directly on par with the ALJ's limitation of "simple, routine, repetitive work" in *Benton* . . . . In *Benton*, the District Court ruled:
>
>> Here, the ALJ found that although Plaintiff has a moderate deficiency in her ability to maintain concentration, persistence, and pace, she is able to perform [simple routine tasks]. However, the limitations included in the hypothetical question and the VE's testimony regarding the effect a lack of concentration has on the jobs mentioned was insufficient to suitably accommodate Plaintiff's concentration limitations. "Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job." The current hypothetical question is not adequate on the issue of moderate limitations of concentration, persistence, and pace for this Court to determine the number of jobs identified by the VE that would be excluded if quotas or other aspects related to moderate concentration limitations were added to the hypothetical question.

Id. at *20-21.

Acknowledging that the Court must look to the record as a whole to determine whether the ALJ's RFC assessment is supported by substantial evidence, the Court

6

distinguished <u>Hicks</u> from the line of cases presently cited by the Commissioner that did not require remand.  <u>Id.</u> at *22-23.  In this line of cases, the Court did not require remand where the ALJ did not incorporate moderate limitations in CPP into the RFC or hypothetical.  <u>See</u> <u>Marini</u>, 2014 U.S. Dist. LEXIS 38925, at *15-18; <u>McNamara</u>, 2011 U.S. Dist. LEXIS 151449, at *37; <u>Lewicki</u>, 2010 U.S. Dist. LEXIS 103452, at *7-9.  However, in each of these cases, a medical professional determined that the claimant suffered from limitations in CPP or was otherwise limited to simple, routine, repetitive tasks.  <u>See e.g.</u>, <u>Marini</u>, 2014 U.S. Dist. LEXIS 38925, at *17 (though a state-appointed psychologist opined that Marini did not have "sustained concentration and persistence limitations," he limited Marini to performing "one and two step tasks on a sustained basis"); <u>Augustyn v. Comm'r of Soc. Sec.</u>, No, 12-13757, 2013 U.S. Dist. LEXIS 133980, ay * (E.D. Mich. Sept. 19, 2013) (non-examining psychologist opined that Augustyn "retains the mental capacity to sustain an independent routine of simple tasks" in spite of moderate difficulties with CPP); <u>Zizzo v. Comm'r of Soc. Sec.</u>, No. 12-14042, 2013 U.S. Dist. LEXIS 134782, at *15 (E.D. Mich. Sept. 19, 2013) (state agency psychological consultant "opined that plaintiff's difficulties in sustained effort and concentration were not so severe as to preclude simple work activity"); <u>McNamara</u>, 2011 U.S. Dist. LEXIS 151449, at *14 (social worker opined that McNamara suffered from marked limitations in CPP); <u>Lewicki</u>, 2010 U.S. Dist. LEXIS 103452, at *3 (psychologist diagnosed moderate mental impairments but concluded they would not prohibit simple, unskilled work).  Accordingly, the present case must also be distinguished from this case law.

A review of the transcript of Plaintiff's oral hearing before the ALJ confirms that, in posing the hypothetical to the VE, the ALJ did not indicate any limitations in CPP. Particularly in a situation where Plaintiff's moderate limitations in CPP are attributable to his pain, it is unclear that a restriction to simple, routine, repetitive work would adequately account for his difficulties with concentration.  There is no evidence suggesting that Plaintiff has any difficulties with his cognitive skills or intellectual capacity; rather, it is possible that any moderate limitations in CPP would manifest as an inability to stay alert or remain on-task.  Accordingly, the Court agrees with the Magistrate Judge in concluding that a more searching analysis correlating Plaintiff's moderate limitations in CPP to the functional limitations set forth in the RFC is necessary.

## V.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Commissioner's objections; **ADOPTS** the R&R; **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; and **DENIES** the Commissioner's Motion for Summary Judgment.  This case is to be remanded for further consideration by the Commissioner.

**IT IS SO ORDERED.**


Date:   March 13, 2017                                 s/Marianne O. Battani
                                                       MARIANNE O. BATTANI
                                                       United States District Judge

8

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 13, 2017.

<u>s/ Kay Doaks</u>
Case Manager